```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
UNITED STATES OF AMERICA,        :
                                 :   No. 03 Cr. 1256 (JFK)
     -against-                   :   No. 16 Civ. 4355 (JFK)
                                 :
VICTOR LORENZANA,                :       OPINION & ORDER
                                 :
             Defendant.          :
------------------------------- X
```

APPEARANCES

FOR DEFENDANT VICTOR LORENZANA:
    Yuanchung Lee
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    Timothy Josiah Pertz
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant-Petitioner Victor Lorenzana's second motion to vacate his conviction for use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 198.)  The United States Court of Appeals for the Second Circuit granted Lorenzana leave to file a successive motion pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (2019). (ECF No. 241.)  Lorenzana argues that his § 924(c) convictions are no longer valid after Johnson and Davis because they were predicated on both attempted and

substantive Hobbs Act robbery under 18 U.S.C. § 924(c).  For the reasons set forth below, Lorenzana's motion is DENIED.

   **I.   Background**

On June 29, 2005, Lorenzana was convicted by a jury of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; three counts of substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; three counts of using, carrying, and possessing a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; one count of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(A); and one count of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.  The charges stemmed from Lorenzana's role in a violent armed robbery crew which predominantly targeted drug dealers in the Bronx and Manhattan.

On January 16, 2007, this Court sentenced Lorenzana to 87 years' imprisonment to be followed by five years of supervised release.  Lorenzana's conviction and sentence were affirmed by the Second Circuit on direct appeal.  See United States v. Lorenzana, 380 F. App'x 13 (2d Cir. June 2, 2010).  On August 19, 2011, Lorenzana filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  This

Court denied that motion. See Lorenzana v. United States, No. 11 CIV. 6153 JFK, 2012 WL 4462006, at *2 (S.D.N.Y. Sept. 27, 2012).

On June 26, 2015, the Supreme Court decided Johnson v. United States, 576 U.S. 591 (2015) and struck down the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(2)(B)(ii), as unconstitutionally vague. Prior to the passage of the one-year statute of limitations for filing § 2255 motions based on Johnson, Lorenzana filed a § 2255(h)(2) motion in the Second Circuit seeking leave to file a successive habeas petition (ECF No. 2, 2d Cir. No. 16-1706), as well as a "placeholder" § 2255 motion in this Court (ECF No. 198). Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Lorenzana's placeholder § 2255 motion pending the disposition of certain cases addressing the constitutionality of § 924(c). (ECF No. 205.)

On June 3, 2020, the Court directed the Government to file a letter addressing whether the stay should be lifted in light of the Second Circuit's decisions in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), and United States v. Barrett, 937 F.3d 126 (2d Cir. 2019). (ECF No. 218.)  The Government, in a letter filed on July 17, 2020, argued that the Court should lift the stay and deny the motion

3

because Hill, which held that Hobbs Act robbery is a crime of violence under the so-called "force clause" of 18 U.S.C. § 924(c)(3)(A), foreclosed Lorenzana's claims. (ECF No. 224.) In response, Lorenzana (through his counsel) argued that the stay should remain in place because (1) his motion for leave to file a successive § 2255 petition was still pending before the Second Circuit, and (2) his claims were not precluded by Hill because his § 924(c) convictions were predicated on both Hobbs Act robbery and attempted Hobbs Act robbery. (ECF No. 231.)

In an August 5, 2020 Order, the Court reimposed the stay of proceedings in Lorenzana's civil habeas action, (No. 16 Civ. 4355 (JFK)), and held in abeyance Lorenzana's related habeas motion in the criminal action, (No. 03 Cr. 1256 (JFK)). (ECF No. 231.) On October, 1, 2020, the Second Circuit granted Lorenzana's motion for leave to file a successive habeas petition and transferred the proceeding back to this Court. (ECF No. 242.) Despite the Second Circuit's Order, Lorenzana did not supplement his placeholder motion with a brief or memorandum of law.

On December 10, 2020, Lorenzana filed a pro se motion seeking a sentence reduction to time served and his immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. (ECF No. 247.) The Court denied Lorenzana's

4

compassionate release motion on the grounds that he failed to demonstrate that extraordinary and compelling reasons supported his release. See United States v. Lorenzan[a], No. 03 Cr. 1256 (JFK), 2021 WL 734984 (S.D.N.Y. Feb. 24, 2021). On May 10, 2021, Lorenzana filed a motion for reconsideration of the Court's Order. (ECF No. 264.) The Court denied the motion on May 19, 2021. (ECF No. 265.)

## II. Discussion

### A. Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In ruling on a § 2255 motion, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B. Analysis

Although Lorenzana has not filed a memorandum of law in support of his successive habeas motion, the description of his

5

claimed basis for relief in the placeholder motion is sufficient for the Court to conclude that his § 924(c) claims are entirely meritless.

In his placeholder motion, Lorenzana argues that his three § 924(c) convictions must be vacated because they were based on a predicate offense that is no longer a "crime of violence" under § 924(c)(3)(A). (ECF No. 198.)  In his response to the Government's July 27, 2020 letter concerning the impact of Hill, Lorenzana acknowledged that his § 924(c) convictions were predicated on both Hobbs Act robbery and attempted Hobbs Act robbery. (ECF No. 230.)  In United States v. McCoy, 995 F.3d 32, 55-57 (2d Cir. 2021), the Second Circuit held that attempted Hobbs Act robbery is a "crime of violence" within the meaning of § 924(c)(3)(A).  The Second Circuit has also repeatedly reaffirmed that substantive Hobbs Act robbery is a valid predicate offense for a § 924(c) conviction. See United States v. Barrett, 937 F.3d 126, 128, (2d Cir. 2019); see also McCoy, 995 F.3d at 55.

Accordingly, because Lorenzana's § 924(c) convictions were predicated on two valid predicate offenses, his successive § 2255 motion must fail. See United States v. Felder, 993 F.3d 57, 81 (2d Cir. 2021).

6

### III. Conclusion

For the reasons set forth above, Defendant Victor Lorenzana's motion to vacate, set aside, or correct his sentence is DENIED.

The Court declines to issue a certificate of appealability because Lorenzana has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion & Order by Lorenzana would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions docketed at ECF No. 198 in criminal case 03-CR-01256-JFK-1 and close civil case 16-CV-4355-JFK.

**SO ORDERED.**

Dated: New York, New York
September 29, 2021

_____
John F. Keenan
United States District Judge